IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3088-FL

| | | |
|---|---|---|
| JULIAN QUENELL BRACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT JONES, MELVIN REID, | ) | |
| AGNES GOLDEN, MARGARET | ) | |
| SPEAR, and MICHAEL CATHRELL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion to dismiss (DE 29) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Superintendent Robert Jones ("Jones"), Food Service Manager Melvin Reid ("Reid"), Food Service Manager Agnes Golden ("Golden"), Food Service Officer Margaret Spear ("Spear"), and Maintenance Manager Michael Cathrell ("Cathrell"). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants defendants' motion.

## BACKGROUND

On April 18, 2012, plaintiff filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that defendants acted with deliberate indifference to his medical needs and prison conditions in violation of the Eighth Amendment to the United States Constitution. In support of his complaint, plaintiff, a state inmate, makes the following allegations.

> On December 28, 2010 on or about 1330 I was preparing Jello in the kitchen using the tilt fryer. I was transporting a pan of Jello [to] a rack that was nearby when a rat darted from under the tilt fryer in front of me and startled me. I took a step back and my foot went into

> a hole in the floor which caused me to lose my balance and spilling hot Jello on my leg and falling and hurting my lower back. I was helped up by two other inmate kitchen workers, and I went to the mop room and hosed down my left leg because it was burning. I reported to food service officer Margaret Spear that I burned my leg and hurt my back and told her how it happened. I was put in a wheel chair and taken to medical with c/o James escorting me. . . .
>
> Please note that kitchen floor was damaged with floor tiles missing creating a hole in the floor. I was never told I was working in a dangerous area and to watch my step, there was no floor signs or any other kind of sign to keep employees from working in any dangerous areas of the kitchen. There was no floor mats or anything to prevent a[n] accident from occurring. I worked in the kitchen a lil (sic) over two months and the floors were damaged at the time and the kitchen was infested with rodents.

Compl. pp. 6-7.

On April 8, 2013, defendants filed a motion to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted, which was fully briefed. In plaintiff's response to defendants' motion to dismiss, plaintiff "admits that he has failed to state a claim upon which relief can be granted regarding deliberate indifference to serious medical needs against the named defendants." Pl's Resp. p. 5.

**DISCUSSION**

A.   Voluntary Dismissal

Plaintiff states that he no longer wishes to pursue his Eighth Amendment claim alleging defendants acted with deliberate indifference to his serious medical needs. An action may be dismissed voluntarily by plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the plaintiff's request except upon an order of the court. See Fed. R. Civ. P. 41(a)(2). At this point, defendants have not filed

an answer or a motion for summary judgment. Accordingly, plaintiff's motion to voluntarily dismiss his Eighth Amendment claim alleging deliberate indifference to his serious medical needs pursuant to Rule 41(a)(1) is GRANTED.

B.  Motion to Dismiss

   1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted).

   2.  Analysis

Defendants assert the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v.

3

Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

The court first determines whether plaintiff has alleged a constitutional violation. It is "cruel and unusual punishment to hold convicted criminals in unsafe conditions." Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982); see also, Helling v. McKinney, 509 U.S. 25, 33-34 (1993). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Assuming, without deciding, that plaintiff is able to satisfy the objective prong of the Eighth Amendment test, the court turns to the subjective prong of the test–whether defendants acted with deliberate indifference. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

4

Although plaintiff states that "any reasonable person would have known that the condition[s] [at issue] created a dangerous environment," he does not allege how defendants knew or were aware of the alleged conditions. Resp. p. 7. Nor has plaintiff made any allegation that defendants had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to plaintiff, or any other inmate, due to the conditions in the prison kitchen.[1] See Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (holding that to establish conditions-of-confinement claim, plaintiff must show that a prison official actually knew of and disregarded an objectively serious condition). Moreover, even if plaintiff sufficiently alleged that defendants had knowledge of the alleged conditions, plaintiff's allegations still would not state a constitutional violation. See Taylor v. Urch, No. 2:12-cv-01293-JMC, 2013 WL 4041956, at *4 (D.S.C. Aug. 8, 2013); Stephens v. Pediment Regional Jail, No. 1:08cv-232, 2008 WL 8911643, at *2 (E.D. Va. May 5, 2008); Arnold v. South Carolina Dep't of Corr., 843 F. Supp. 110, 114 (D.S.C.1994) (holding that kitchen supervisors' knowledge of faulty condition of steam pot, and their failure to repair it, was not sufficient to establish that officials acted with an attitude of deliberate indifference); Benson v. Cady, 761 F.2d 335, 339 (7th Cir.1985) (allegations that prison officials failed to inspect and maintain cell beds and exercise equipment which fell and allegedly injured inmate in two separate incidents, at most, constituted claims that prison officials did not exercise due care but failed to demonstrate deliberate indifference to an unreasonable risk of harm posed by an inmate's physical environment); Bibbs v. Armontrout, 943 F.2d 26, 27 (8th Cir.1991) (holding that prison officials' alleged knowledge that safety guards covering the gears of an inker had been removed, and their

---

[1] Plaintiff admits that the broken floor tiles were repaired after he notified prison officials that they were broken after his fall. Pl.'s Resp. p, 6.

failure to repair it, amounted to mere negligence); see also Warren v. State of Missouri, 995 F.2d 130, 131 (8th Cir.1993) (holding that prison officials' failure to provide "anti-kickback" protective equipment on saw, as well as allegations that officials knew of similar prior accidents that could have been prevented with protective equipment, did not create a genuine issue of material fact as to deliberate indifference to a serious issue of workplace safety). Rather, at most, plaintiff's allegations suggest negligence, which is not actionable pursuant to § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

Based upon the foregoing, the court finds that plaintiff failed to state a claim upon which relief may be granted. Thus, defendants are entitled to qualified immunity.[2]

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to dismiss (DE 29). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 25th day of February, 2014.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge

---

[2] Plaintiff admits that his any request for injunctive relief now is moot due to his transfer to another facility. Resp. p. 13; see Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).